UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 3:14-CV-01656 |
| v. | ) Judge Sharp |
| | ) |
| SINGLETARY CONSTRUCTION, | ) |
| LLC, and BERT SINGLETARY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff's complaint before this Court alleges copyright infringement and injunctive relief under the United States Copyright Act, 17 U.S.C. § 101 et seq. Defendant Singletary Construction, LLC and Defendant Bert Singletary have filed a Motion to Dismiss (Docket No. 14) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion, for the reasons that follow, will be denied.

### I. FACTUAL BACKGROUND

Plaintiff hired architect John Helmick[1] of Builders Plan Service LLC to design homes for Plaintiff to build. (Docket No. 1 ¶ 15). One such design arose out of an architectural plan known as "The Alder." (Id.) On August 13, 2014, Plaintiff filed a complaint accusing Defendants of infringing Plaintiff's copyright in The Alder.

---

[1] Although the Certificate of Registration of Copyright identifies The Alder's author as "John Helmick," the parties refer to him as both "John Helmick" and "John Hemlick." The Court will refer to the author of The Alder as "Helmick."

1

Plaintiff possesses a January 23, 2014, Certificate of Registration of Copyright ("Certificate") in The Alder which lists Plaintiff as "Claimant" and Helmick as "Author." (Docket No. 1-2)  The Certificate also lists The Alder as an architectural work made for hire. (Id.)   Under the "Copyright Claimant" section, the Certification acknowledges the existence of a transfer of rights statement by written agreement.  (Id).

Additionally, Plaintiff possesses an assignment executed on February 4, 2014, ("Assignment") in which Helmick assigned his copyright interest to Plaintiff "pursuant to an agreement between [Plaintiff] and [Helmick]."  (Docket No. 1 ¶ 2).  The Assignment purports to have a retroactive effective date of January 31, 2012.  (Id.)

In their Motion to Dismiss, Defendants claim the Certificate is invalid because it specifies that The Alder is an architectural work made for hire, and an architectural work produced by an individual who is not an employee of the copyright claimant cannot qualify as a "work for hire" under the Copyright Act.  Defendants base their motion on Hi-Tech Video Production, Inc. v. Capital Cities/ABC, Inc., 58 F.3d 1093 (6th Cir. 1995) which, they contend, establishes that copyright registrations incorrectly identifying the work as a "work for hire" are invalid as a matter of law.  As a result, Defendants argue Plaintiff's copyright should be invalidated and the complaint should be dismissed.

## II.  ANALYSIS

### a.  Legal Standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take "all well-pleaded material allegations of the pleadings" as true.  Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).  The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and

the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949–50 (2009)). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 1 (2007) (internal citations and quotations omitted).

Regarding copyright infringement claims, the Sixth Circuit has found such cases lend themselves "readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case." Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ., 299 Fed. Appx. 509, 512 (6th Cir. 2008). As such, the parties agree that the Court requires "greater particularity in pleading, through showing "plausible grounds." Id. Asking for plausible grounds simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of Plaintiff's allegations. Id.

### b. Copyright Infringement Claim

Pursuant to the Copyright Act, "[a] claim of copyright infringement requires proof of (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Id. (quoting ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc., 402 F.3d 700, 705 (6th Cir. 2005)). Copyright ownership vests initially in the author of the work. 17 U.S.C. § 201(a). However, in the case of a work made for hire, "the employer or other person for whom the work was prepared is considered the author," and owns all of the rights comprised in the copyright. 17 U.S.C. § 201(b).

3

In their Motion to Dismiss, Defendants challenge the first element of Plaintiff's copyright infringement claim. Defendants argue Plaintiff does not own a valid copyright because: (1) Plaintiff is not the author of The Alder, and (2) Plaintiff is barred from asserting ownership under a work-for hire theory due to the fact that architectural drawings like The Alder do not qualify as a work made for hire when they are produced by independent contractors such as Helmick. See Warren Freedenfeld Associates, Inc. v. McTigue, 531 F.3d 38, 48 (1st Cir. 2008) (finding that architectural drawings do not fit within the taxonomy of works encompassed by the work-for-hire doctrine). See also 17 U.S.C. § 101 (failing to list architectural plans or drawings as qualifying as "works made for hire" where said plans or drawings are not produced by an employee of the claimant). In response, Plaintiff contends that it obtained copyright ownership through a transfer of rights from Helmick. See 17 U.S.C. § 201 (d) (allowing the ownership of a copyright to be transferred by any means of conveyance). The Court finds Plaintiff has pled facts sufficient to show that its assertion of copyright ownership in The Alder is plausible.

In the complaint, Plaintiff states, "[p]ursuant to an agreement between [Plaintiff] and Mr. Hemlick, Mr. Hemlick assigned the copyright in The Alder to [Plaintiff]." The next line reads, "[a]s such, [Plaintiff] owns United States Copyright Registration No. VA00018887774." (Docket No. 1 ¶ 2). Plaintiff attached both the Certificate and the Assignment to the Complaint. Pursuant to the Assignment, Helmick, as author of the Alder, assigned his interest in the copyright to Plaintiff. Pursuant to the Certificate, Plaintiff claims ownership in the copyright through a transfer statement by written agreement. (Docket No. 1-2). Accordingly, Plaintiff has pled facts showing that The Alder's author granted Plaintiff ownership rights in the Alder, and that the Certificate registers The Alder copyright in Plaintiff's name based on said transfer of rights. As a result, Plaintiff has pled facts sufficient to survive a motion to dismiss.

4

In resolving Defendant's Motion to Dismiss, the Court does not determine whether the Certificate is valid. This determination requires an examination of facts and evidence outside the parameters of the pleadings. For example, the Certificate purports to both register The Alder in Plaintiff's name based on a transfer of rights and register The Alder as a work made for hire. However, the two situations cannot exist simultaneously because a valid work made for hire negates the need for a transfer of rights. Thus, if the Certificate is intended to register The Alder based on a transfer of rights, the "work for hire" designation is in error. On the other hand, if the Certificate is intended to register The Alder as a work for hire, the listing of Helmick as "author" on the Certificate is in error because the proper author in that context should have been Plaintiff. See Hi-Tech Video Productions, Inc. v. Capital Cities/ABC, Inc., 58 F.3d at 1095 (finding that the Copyright Act considers the employer or person for whom the work was prepared the 'author' for purposes of copyright registration and ownership in the work-for-hire context.) Although there are likely errors on the face of the Certificate, the pleadings do not identify precisely which errors were made, whether such errors were the product of mistake or clerical error, and whether they require invalidation of the Certificate. See King Records, Inc. v. Bennett, 438 F. Supp.2d 812, 838 (M.D. Tenn. 2006) (finding that courts are generally lenient with regard to defects in copyright registrations as they seek to preserve copyrights, and an innocent misstatement or clerical error in the application and certificate does not invalidate the copyright.) Therefore, a determination regarding the Certificate's validity is ill-suited to resolution in the context of a motion to dismiss, and the Court will not decide the question at this time.

Defendants argue that the Sixth Circuit's holding in Hi-Tech Video Productions, Inc. v. Capital Cities/ABC, Inc. 58 F.3d 1093 (6th Cir. 1995) requires a finding that the Certificate is

invalid. According to Defendants, Hi-Tech's broad holding is that registration is invalid as a matter of law where a copyright registration identifies the work as a work for hire but the work does not qualify as such under the Copyright Act.

The Court does not agree that Hi-Tech requires dismissal of the complaint. In Hi-Tech, the court invalidated the copyright registration because it found that the relevant work was produced, in part, by independent contractors and, thus, was not a work made for hire. Hi-Tech Video Productions, 58 F.3d at 1099. The Hi-Tech plaintiff only alleged copyright ownership via the work-for-hire doctrine, and the court found that the registration was invalid when the work-for-hire designation was deemed inapplicable. Here, in contrast, Plaintiff alleges copyright ownership via transfer of rights evidenced by the Assignment and reflected in the Certificate. As a result, the Court must consider whether Plaintiff pled facts sufficient to state a claim of ownership under a transfer-of-rights theory. The fact that the Certificate contains a "work made for hire" designation does not automatically bring it within the holding of Hi-Tech, and the Court will not grant Defendants' motion to dismiss on this basis.

Defendants also argue Plaintiff should be judicially estopped from asserting ownership through assignment instead of through the work-for-hire doctrine. According to Defendants, in the case of Nason Homes, LLC v. Billy's Construction, Inc. et al., Case No. 3:14-cv-0566, ("Nason Homes II") Plaintiff attempted to avoid claims of fraud in the execution of the Certificate by claiming The Alder was a work made for hire. Defendants argue Plaintiff should be estopped from claiming that The Alder is not a work made for hire in this case.

Judicial estoppel typically applies when "a party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled."

6

Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 170 (2010) (citing New Hampshire v. Maine, 532 U.S. 742, 750 (2001)).  In this case, the application of judicial estoppel is inappropriate because the court in Nason Homes II never accepted or adopted the position that The Alder was a work made for hire.  Instead, the court denied the defendants' motion to dismiss because it found that their fraud argument constituted an affirmative defense that was better suited to resolution in the context of a motion for summary judgment.  It further found that the defendants' assertions lacked factual support.  (Case No. 3:14-cv-00566 Docket No. 39).  Therefore, the Nason Homes II court failed to determine that The Alder was a work made for hire.  As a result, Plaintiff did not "persuad[e] a court to accept [Plaintiff's] earlier position," and judicial estoppel is inappropriate in this case.  Reed Elsevier, Inc., 559 U.S. at 170.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Docket No. 14) will be denied. An appropriate order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE