IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Singletary Construction, LLC;<br>Bert Singletary,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 3:14-cv-01656 |

**PLAINTIFF NASON HOME'S MEMORANDUM IN SUPPORT OF
<u>MOTION TO AMEND COMPLAINT</u>**

Nason Homes recently learned that in addition to the Infringing Home

referenced in the Complaint (Paragraph 4), Defendants are constructing additional

homes based on Plaintiff's same plan. Therefore, Nason Home's respectfully

requests that the Court grant Nason Home's leave to file an Amended Complaint

(attached hereto as Exhibit 1). Nason Homes seeks leave to amend solely to

change references to a single infringing house to reference multiple infringing

homes. The proposed Amended Complaint includes no new paragraphs or Counts

and amends only Paragraphs 4-6, 12, 19, 20, 22, 27, 29, and 34 to reflect that Defendants built multiple infringing houses.[1]

## I.    Factual Background

This is an action for copyright infringement based on Defendants' copying and use of Plaintiff's copyrighted Alder Plan to build infringing homes. In its original Complaint, Plaintiff alleged that Defendants were infringing its copyright by building a "knock-off" home that was virtually identical to the Alder Plan. Defendants call their floor plan the "Raleigh Plan."

The Scheduling Order, entered on January 6, 2015, provided that the deadline for Motions to Amend was February 16, 2015. Dkt. No. 28 at G. Even before the Scheduling Order was entered, Nason Homes propounded fact discovery on Defendants. In its request for production of documents to Defendant Singletary Construction, Nason Homes requested "all documents" regarding the "Raleigh Plan." Defendants did not produce any documents regarding the additional homes built using the Raleigh Plan.

Nason Homes, however, recently learned that in addition to the infringing home referenced in the Complaint, Defendants are building at least three (3)

---

[1] While Nason Homes does not believe that an Amended Complaint is necessary for it to bring its claims regarding the additional houses at trial, it brings this Motion in an abundance of caution to avoid a motion to preclude such evidence and request for additional damages.

additional homes with the same floor plan. Counsel for Nason Homes contacted counsel for Defendants to determine if Defendants would consent to the filing of an Amended Complaint. Defendants would not consent.

## II.     ARGUMENT AND CITATION TO AUTHORITIES

### A.     There is Good Cause to Amend Under Rule 16 and Defendants will not be Prejudiced by the Amendment

Federal Rule of Civil Procedure 16(b)(4) governs motions for leave to amend pleadings when such motions are filed after the deadline set by a scheduling order. *Learr v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003). There are two relevant considerations for the determination of good cause. First, Nason Homes is required to show that it could not have moved to amend within the time prescribed by the scheduling order despite its diligence. *Id.* Second, the Court must consider whether Defendants "will suffer prejudice by virtue of the amendment." *Id.*

Nason Homes was diligent. On December 1, 2014, Nason Homes served discovery that was calculated to produce evidence of additional infringement long prior to the Scheduling Order deadline. Specifically, Nason Homes propounded a request for production of documents regarding the "Raleigh Plan", the name Singletary Construction applied to the floor plan it used to build the infringing houses. The identity of houses built based on the "Raleigh Plan" fall within this

- 3 -

Request. No documents regarding the other houses were produced by Defendants, however.

Singletary will not be prejudiced by the proposed amendment. No new Counts are included in the Amended Complaint. Moreover, because each of the infringing houses are based on Defendants' same floor plan, issues of proof will be substantially identical for each of Defendants' infringing house.

### B. Leave to Amend Should be Granted Under Rule 15

If good cause is found, courts then look to the "more liberal standard" of Federal Rule of Civil Procedure 15. Under Rule 15 a Motion to Amend should be granted except were a "substantial reason" for denial exists, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party. The factors of undue delay and prejudice to the opposing party are addressed by Rule 16. As explained above, Nason Homes acted promptly when it learned that Defendants were constructing additional houses. Defendants will not be prejudiced because the issues of proof are the same, Defendants are on notice of the proposed amendments prior to depositions being taken in the case and the parties had previously consented to an extension of time to conduct fact discovery. There is no dilatory motive. Again, because issues of proof are

substantially identical as to each infringing house, the proposed amendment will not delay adjudication of the case.

Furthermore, any delay in adding these new factual allegations are attributable to Defendants' failure to produce to Plaintiff documents responsive to Plaintiff's Request for Production of Documents; which requested "all documents" regarding the "Raleigh Plan."

Finally, the proposed Amended Complaint is not futile because they seek only to add additional factual allegations.

Respectfully submitted this 11th day of May, 2015.

AARON & SANDERS, PLLC

Richard G. Sanders, Tenn. BPR No. 23875
11 Lea Avenue, Suite 606
Nashville, TN 37210
(615) 734-1188
Fax: (615) 250-9807
rick@aaronsanderslaw.com

LILENFELD PC

*/s/ Robin L. Gentry*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Attorneys for Plaintiff

- 5 -

2970 Peachtree Road, N.W., Suite 530
Atlanta, Georgia  30305
(404) 201-2520 - telephone
(404) 393-9710 - facsimile
David@LilenfeldPC.com
Robin@LilenfeldPC.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NASON HOMES, LLC,

Plaintiff,

v.

Singletary Construction, LLC;
Bert Singletary,

Defendants.

CIVIL ACTION FILE

NO. 3:14-cv-01656

## **CERTIFICATE OF SERVICE**

     I hereby certify that I served the foregoing Notice of Deposition by email on the following counsel of record.

Stephen J. Zralek, Esq.
Mandy Strickland Floyd, Esq.
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
szralek@bonelaw.com
mfloyd@bonelaw.com

Dated: May 11, 2015.


*/s/ Robin L. Gentry*
*Attorney for Plaintiff*

- 7 -