# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| NASON HOMES, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-01656 |
| | ) | Chief Judge Sharp |
| SINGLETARY CONSTRUCTION, LLC and | ) | Magistrate Knowles |
| BERT SINGLETARY, | ) | Jury Demand |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' RESPONSES TO NASON HOMES'
## STATEMENT OF ADDITIONAL MATERIAL FACTS

Defendants Singletary Construction, LLC and Bert Singletary (collectively "Defendants"), by and through counsel, submit the following responses to Nason Homes' ("Plaintiff") Statement of Additional Material Facts:

1. The Alder Plan is a detailed architectural drawing of a two-story, five-bedroom home. Exh. A.

**RESPONSE:  Undisputed for purposes of summary judgment, but this fact is immaterial.**

**Defendants' expert, Peggy Neman, has conducted research, finding that "many of the elements and arrangement in the Alder appear to mimic and copy quite a number of pre-existing plans and homes."  (Doc. 72-4, PID#645).  She concludes that "the Alder does not contain elements that are original, whether they be exterior elevations, interior layouts or arrangements thereof, or finish details."  Id. at PID#646.  The Alder's architect, Mr. Helmick, testified that he was hired to draw The Alder "so that it could be built as a box-style 'spec' home."  (Doc. 73, PID#740).**

Defendants do not concede that The Alder possesses any originality, and the burden is on Plaintiff to establish such. Plaintiff has submitted no expert proof to support its position on originality, or to rebut Ms. Newman's position.

2. The Alder Plan contains detailed depictions of the layout and dimensions of those rooms along with detail regarding the placement of doors, windows, porches, etc. *Id.*

**RESPONSE: Undisputed for purposes of summary judgment, but this fact is immaterial.**

Defendants' expert, Peggy Neman, has conducted research, finding that "many of the elements and arrangement in the Alder appear to mimic and copy quite a number of pre-existing plans and homes." (Doc. 72-4, PID#645). She concludes that "the Alder does not contain elements that are original, whether they be exterior elevations, interior layouts or arrangements thereof, or finish details." Id. at PID#646. The Alder's architect, Mr. Helmick, testified that he was hired to draw The Alder "so that it could be built as a box-style 'spec' home." (Doc. 73, PID#740).

Defendants do not concede that The Alder possesses any originality, and the burden is on Plaintiff to establish such. Plaintiff has submitted no expert proof to support its position on originality, or to rebut Ms. Newman's position.

3. The U.S. Copyright Office issued Nason Homes Copyright Registration No. VA0001888774 for the Alder Plan. Exh. E.

**RESPONSE: Undisputed, but this fact is immaterial to the extent Plaintiff relies on the certificate for the *prima facie* presumptions that typically accompany a registration. "A certificate of registration from the United States Copyright Office . . . is *prima facie* evidence of the copyrightability of a work . . . ; however, "[w]here other evidence in the record casts doubt on the question, validity will not be assumed." <u>Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.</u>, 596 F.3d 1313, 1319 (11th Cir. 2010) (quoting <u>Durham Indus., Inc. v. Tomy Corp.</u>, 630 F.2d 905, 908 (2d Cir.1980)); <u>see also BancTraining Video Systems v. First American Corp.</u>, 956 F.2d 268, at \*4 (6th Cir. 1992) (unpublished). Here, Nason Homes has failed to submit any evidence establishing that registration of The Alder is valid.**

**Further, the fact that the certificate was issued to Nason Homes supports Defendants' motion for summary judgment because, as argued in the motion, Nason Homes was not the owner at the time it applied for registration, and Mr. Helmick is still the owner of the copyright because the *nunc pro tunc* agreement is invalid as a matter of law.**

4. The Copyright Registration states that Nason Homes is the owner through assignment of the Alder Plan. Exh. E.

**RESPONSE: Undisputed, but the Registration is invalid for all the reasons set forth in Defendants' motion for summary judgment. Mr. Helmick owned the copyright in The Alder at the time Nason Homes applied for registration and still owns it since the *nunc pro tunc* agreement is invalid as a matter of law.**

**Also, the Registration for The Alder shows that Plaintiff improperly identified The Alder as a work for hire, but architectural works never qualify as works for hire.**

5.  Nason Homes is the owner of the copyright in the Alder Plan. Exh. E, Exh. F. at ¶ 7; Dkt. No. 73 at 3-4.

**RESPONSE:  Disputed – but this is not a fact, rather it is an ultimate legal conclusion, and it forms one of the bases of Defendants' motion for summary judgment.  See Defendants' Responses above.**

6.  Nason Homes hired Mr. Helmick to create the Alder Plan for Nason Homes.  Dkt. No. 73 at ¶ 3, 6; Exh. F. at ¶ 6.

**RESPONSE:  Undisputed, but this fact is immaterial because Mr. Helmick still owns the copyright in The Alder.  There was no prior oral agreement before the *nunc pro tunc* agreement was signed, and it is invalid because it backdates the agreement without any proof of an oral agreement at that time (January 2012).  In addition, Plaintiff's hiring of Mr. Helmick to create The Alder Plan is irrelevant because it does not satisfy the lack of an actual oral agreement between Plaintiff and Mr. Helmick regarding a transfer of ownership of the copyright in The Alder.**

7.  Nason Homes paid Mr. Helmick for creating the Alder Plan, which was the same amount it paid for other architectural designs.  Exh. F. at 6.

**RESPONSE:  Undisputed for purposes of summary judgment, but this fact is immaterial because course of conduct does not satisfy the lack of an actual oral agreement between**

Plaintiff and Mr. Helmick regarding a transfer of ownership of the copyright in The Alder. "A prior course of dealing or pattern or practice of dealing is not binding on a party unless there is *first* a contract." <u>Matter of Smith</u>, 51 B.R. 904, 911 (Bankr. M.D. Ga. 1985) (citing <u>White Lumber Sales, Inc. v. C. Brinson Lamb & Sons Lumber Co.</u>, 175 S.E.2d 81, 82 (Ga. Ct. App. 1970)). Under Georgia law, "[e]vidence of custom in the industry cannot . . . be used to form the contract itself" and testimony that "an arrangement was 'understood' does not constitute a contract which can be made definite through evidence of industry custom." <u>Pharr v. Olin Corp.</u>, 715 F. Supp. 1569, 1574 (N.D. Ga. 1989); <u>see also</u> <u>Meadows Motors, Inc. v. United Servs. Auto. Ass'n</u>, 230 Ga. App. 387, 388, 496 S.E.2d 355, 356 (1998) (holding that evidence of a prior course of business dealing was "not dispositive of whether a sale was consummated"). Simply put, "Where there is no contract, proof of usage will not make one." <u>Newark Fire Ins. Co. v. Smith</u>, 167 S.E. 79 (Ga. 1932) (quoting <u>National Savings Bank v. Ward</u>, 100 U.S. 195, 206 (1880)).

8. During the creation of the technical drawings for the Alder Plan, Mr. Beattie provided Mr. Helmick with certain specifications and feedback he used to create the Alder Plan. Exh. F at ¶ 4.

**RESPONSE: Undisputed for purposes of summary judgment, but this fact is immaterial. To the extent this contradicts earlier testimony that Mr. Helmick was the sole author, it must be stricken. <u>See</u> <u>McClain v. Mason Cty., KY</u>, 618 F. App'x 262, 266 (6th Cir. 2015). <u>See also</u> Response to Fact 7, above.**

9. Mr. Beattie did not instruct Mr. Helmick to create a box style spec home. Exh. F at ¶ 5.

**RESPONSE: Undisputed for purposes of summary judgment that Mr. Beattie provided a declaration that states he did not instruct Mr. Helmick to create a box style spec home, but this is immaterial for purposes of summary judgment. Whether or not *Mr. Beattie* instructed Mr. Helmick to design The Alder so that it could be built as a box home does not contradict Mr. Helmick who, in his declaration, testified that *Nason Homes* hired him to draw The Alder so that it could be built as a box-style "spec" home. Further, whether or not Mr. Helmick was given instructions to build it as a spec home, Plaintiff does not contest that it *is* a box-style spec home. As Defendants' expert Ralph Oman explains, the Copyright Act was never intended to protect box style spec homes.**

10. Nason Homes did not provide Mr. Helmick or Builders Plan Services, Inc. any remuneration of any kind for signing the *nunc pro tunc* agreement beyond the fee paid in 2012. Exh. F at ¶¶ 6, 8.

**RESPONSE: The authority that Plaintiff cites for this proposition does not support all of the facts contained in the proposition.**

**Regardless, this fact is immaterial because course of conduct does not satisfy the lack of an actual oral agreement between Plaintiff and Mr. Helmick regarding his transfer of ownership of the copyright in The Alder prior to the written nunc pro tunc agreement**

executed on February 4, 2014.  "A prior course of dealing or pattern or practice of dealing is not binding on a party unless there is *first* a contract."  <u>Matter of Smith</u>, 51 B.R. 904, 911 (Bankr. M.D. Ga. 1985) (citing <u>White Lumber Sales, Inc. v. C. Brinson Lamb & Sons Lumber Co.</u>, 175 S.E.2d 81, 82 (Ga. Ct. App. 1970)).  Under Georgia law, "[e]vidence of custom in the industry cannot . . . be used to form the contract itself" and testimony that "an arrangement was 'understood' does not constitute a contract which can be made definite through evidence of industry custom."  <u>Pharr v. Olin Corp.</u>, 715 F. Supp. 1569, 1574 (N.D. Ga. 1989); <u>see also</u> <u>Meadows Motors, Inc. v. United Servs. Auto. Ass'n</u>, 230 Ga. App. 387, 388, 496 S.E.2d 355, 356 (1998) (holding that evidence of a prior course of business dealing was "not dispositive of whether a sale was consummated").  Simply put, "Where there is no contract, proof of usage will not make one."  <u>Newark Fire Ins. Co. v. Smith</u>, 167 S.E. 79 (Ga. 1932) (quoting <u>National Savings Bank v. Ward</u>, 100 U.S. 195, 206 (1880)).

Also, Mr. Helmick testified that he did not assign his copyrights in The Alder until he parted ways on February 4, 2014, when Mr. Beattie presented him with the written *nunc pro tunc* agreement.  Not having to work further with Mr. Beattie could constitute separate consideration.

Finally, Mr. Helmick never assigned his copyrights in The Alder since the *nunc pro tunc* is invalid as a matter of law.  Mr. Helmick still owns the copyrights in The Alder.

11. Mr. Helmick also assigned to Nason Homes, without further compensation, the copyrights in the other floor plans it created for Nason Homes. Exh. F. at ¶ 9.

**RESPONSE:** this fact is immaterial because course of conduct does not satisfy the lack of an actual oral agreement between Plaintiff and Mr. Helmick regarding his transfer of ownership of the copyright in The Alder prior to the written nunc pro tunc agreement executed on February 4, 2014. "A prior course of dealing or pattern or practice of dealing is not binding on a party unless there is *first* a contract." <u>Matter of Smith</u>, 51 B.R. 904, 911 (Bankr. M.D. Ga. 1985) (citing <u>White Lumber Sales, Inc. v. C. Brinson Lamb & Sons Lumber Co.</u>, 175 S.E.2d 81, 82 (Ga. Ct. App. 1970)). Under Georgia law, "[e]vidence of custom in the industry cannot . . . be used to form the contract itself" and testimony that "an arrangement was 'understood' does not constitute a contract which can be made definite through evidence of industry custom." <u>Pharr v. Olin Corp.</u>, 715 F. Supp. 1569, 1574 (N.D. Ga. 1989); <u>see also</u> <u>Meadows Motors, Inc. v. United Servs. Auto. Ass'n</u>, 230 Ga. App. 387, 388, 496 S.E.2d 355, 356 (1998) (holding that evidence of a prior course of business dealing was "not dispositive of whether a sale was consummated"). Simply put, "Where there is no contract, proof of usage will not make one." <u>Newark Fire Ins. Co. v. Smith</u>, 167 S.E. 79 (Ga. 1932) (quoting <u>National Savings Bank v. Ward</u>, 100 U.S. 195, 206 (1880)).

Also, Mr. Helmick testified that he did not assign his copyrights in The Alder until he parted ways on February 4, 2014, when Mr. Beattie presented him with the written *nunc pro tunc* agreement. Not having to work further with Mr. Beattie could constitute separate consideration.

Finally, Mr. Helmick never assigned his copyrights in The Alder since the *nunc pro tunc* is invalid as a matter of law. Mr. Helmick still owns the copyrights in The Alder.

12. Mr. Helmick believed that Nason Homes was the owner of the copyright in 2012. Dkt. No. 73 at ¶ 4.

**RESPONSE: This is a sham dispute of fact created by Plaintiff. It is immaterial whether Mr. Helmick subjectively believed The Alder was a work for hire and is no substitute for a written assignment. Both he and the Plaintiff were incorrect about architectural work qualifying as a work for hire. Any party's subjective belief that "an arrangement was 'understood' does not constitute a contract which can be made definite through evidence of industry custom." Pharr v. Olin Corp., 715 F. Supp. 1569, 1574 (N.D. Ga. 1989); see also Meadows Motors, Inc. v. United Servs. Auto. Ass'n, 230 Ga. App. 387, 388, 496 S.E.2d 355, 356 (1998) (holding that evidence of a prior course of business dealing was "not dispositive of whether a sale was consummated"). Simply put, "Where there is no contract, proof of usage will not make one." Newark Fire Ins. Co. v. Smith, 167 S.E. 79 (Ga. 1932) (quoting National Savings Bank v. Ward, 100 U.S. 195, 206 (1880)).**

13. On February 4, 2014, John Helmick executed a *nunc pro tunc* agreement assigning his entire interest in the copyrights for the Alder Plan to Nason Homes. Dkt. No. 73 at 3-4.

**RESPONSE: Undisputed, but the proper citation is to Mr. Helmick's Declaration (Doc. 73) at ¶ 5, not ¶¶ 3-4. This fact actually supports the grant of summary judgment to Defendants, because it shows that the *nunc pro tunc* is invalid since it improperly attempts to backdate the assignment when both Mr. Beattie and Mr. Helmick agree there was no oral agreement prior to the written agreement on February 4, 2014.**

14. Mr. Helmick signed the *nunc pro tunc* agreement after his relationship with Nason Homes ended. Dkt. No. 73 at ¶ 5.

**RESPONSE: This fact is immaterial to summary judgment. From paragraph 5 of Mr. Helmick's declaration, it is unclear whether he signed the *nunc pro tunc* agreement at the same time as, or after, he and Nason Homes parted ways.**

15. Mr. Helmick has never claimed to be the owner of the copyright in the Alder Plan. Exh. F. at ¶ 10; Dkt. No. 73.

**RESPONSE: Disputed, but this dispute does not preclude summary judgment; rather, it supports a grant of summary judgment in Defendants' favor. The *nunc pro tunc* agreement (which Plaintiff presented Mr. Helmick) itself states that "Assignore [Mr. Helmick] is the owner of the copyrights for a residential architectural plan and technical drawings, collectively known as The Alder." See Doc. 73, PID#741-42 and Doc. 1-1 at PID#12-13.**

16. The Alder Plan was independently created without copying from a pre-existing plan. Exh. C. at 35:4-9.

**RESPONSE: Disputed that Plaintiff's citation to the record above (page 35 of Mr. Beattie's deposition) supports the proposition that "The Alder Plan was independently created without copyright from a pre-existing plan." Mr. Beattie never provided such**

testimony in his deposition. Instead, Mr. Beattie testified merely that he has no knowledge whether Mr. Helmick copied pre-existing designs or not:

> Q:    Do you know what, if anything, inspired Mr. He[lm]ick to design The Alder?
>
> A:    Be more specific, please.
>
> Q:    Do you know if he looked to any other designs in designing this, for example?
>
> A:    To my knowledge, no.

(Doc. 82-4, Beattie Depo, at PID# 861, lines 4-9). This is not the same as testifying affirmatively that Mr. Helmick did *not* copy pre-existing designs, and lack of knowledge cannot be used to create a dispute of material fact. <u>Abdulnour v. Campbell Soup Supply Co.</u>, 464 F. Supp. 2d 711, 716 (N.D. Ohio 2006), <u>aff'd sub nom.</u>, <u>Abdulnour v. Campbell Soup Supply Co., LLC</u>, 502 F.3d 496 (6th Cir. 2007).

Additionally, Plaintiff is conflating its burden to show The Alder is original with the affirmative defense of independent creation invoked by many defendants. If a defendant independently creates the same work as the plaintiff, it cannot be liable for copyright infringement. <u>See</u> <u>Ellis v. Diffie</u>, 177 F.3d 503, 507 (6th Cir. 1999). This is different from a plaintiff's burden to not only show that work was independently created, but that the work also possesses sufficient originality to warrant copyright protection. <u>See</u> <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 346 (1991)

17. Mr. Beattie testified that one of the houses built using the Raleigh Plan was "extremely similar" to the Alder Plan. Exh. C at 10:8-13.

**RESPONSE: Undisputed that, in response to the question: "Tell me the house that you have been in. You're having a hard time identifying which exact address. Tell me what**

you remember about the house that you went in that you have sued my clients over," (Doc. 82-4, PID#857), Mr. Beattie testified: "It was extremely similar to a house that I built, that I own the copyrights to." Although undisputed for purposes of summary judgment, it is immaterial to summary judgment because (a) Plaintiff cannot establish that it owns a valid copyright in The Alder, and (b) Plaintiff cannot show that The Alder is entitled to protection under copyright law. Even if Plaintiff could establish copying, not all copying constitutes infringement. <u>See Varsity Brands, Inc. v. Star Athletica, LLC, 799 F.3d 468, 476 (6th Cir. 2015)</u>. "Not all 'copying' is actionable, however: it is a constitutional requirement that a plaintiff bringing an infringement claim must prove 'copying of constituent elements of the work *that are original.*'" <u>Feist Publ'ns</u>, 499 U.S. at 361 (1991) (emphasis added).

18. He also testified that "you've got two houses that are alike in dimension, specific dimensions, window and door placements, [and] room placements. Exh. C at 87:19-21. The similarities also include "a dining room in the same place, a kitchen area, a family room, a bedroom, the downstairs bath, the stairs, the entry, the garage." Exh. C at 95:18-96:1. Mr. Beattie testified that "all the window, door, roof lines, the location of the fireplace, the porch, and all are exact same, the roof line as well." Exh. C. at 87:6-9. Moreover, Mr. Beattie testified that the "exterior dimensions" of the Raleigh are the same as those called for in the Alder Plan. Exh. C at 98:7-9. He further testified that the dimension and placement of what is depicted as bedroom number 5 of the Alder Plan is

identical to the dimension and placement of the corresponding bedroom in the Raleigh Plan. Exh. C. 96:4-97:3. The garage, bathroom, and great room are identical. Exh. C at 97:9-19. The garage is has "the same exact dimensions in the same exact location" in both plans. Exh. C. at 85:25-86:4. The locations of the front door, the window above the front door, the location of the stairs and the offset of the garage are all the same. Exh. C. at 97:2-8. Mr. Beattie testified as to other similarities as well. *See* Exh. C. at 100:4-101:6.

**RESPONSE: Undisputed for purposes of summary judgment, but not material because (a) Plaintiff cannot establish that it owns a valid copyright in The Alder, (b) Plaintiff cannot show that The Alder is entitled to protection under copyright law. Even if Plaintiff could establish copying, not all copying constitutes infringement. See <u>Varsity Brands</u>, 799 F.3d at 476.[1] "Not all 'copying' is actionable, however: it is a constitutional requirement that a plaintiff bringing an infringement claim must prove 'copying of constituent elements of the work *that are original.*'" <u>Feist Publn's</u>, 499 U.S. at 361 (emphasis added).**

19. According to Mr. Beattie, the Alder Plan and the Raleigh plan are substantially similar. Exh. F. at ¶¶ 11-13.

---

**[1] Not all of the above referenced pages from the deposition transcript are attached to Plaintiff's Exhibit C (Doc. 82-4).**

**RESPONSE:** Undisputed for purposes of summary judgment, but not material because (a) Plaintiff cannot establish that it owns a valid copyright in The Alder, (b) Plaintiff cannot show that The Alder is entitled to protection under copyright law.  Even if Plaintiff could establish copying, not all copying constitutes infringement.  See <u>Varsity Brands</u>, 799 F.3d at 476.  "Not all 'copying' is actionable, however: it is a constitutional requirement that a plaintiff bringing an infringement claim must prove 'copying of constituent elements of the work *that are original*.'"  <u>Feist Publ'ns,</u> 499 U.S. at 361 (emphasis added).

Respectfully submitted,

/s/ *Stephen J. Zralek*
Stephen J. Zralek, BPR No. 18971
Thomas Roe Frazer III, BPR No. 33296
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6300
Facsimile:  (615) 238-6301
szralek@bonelaw.com
tfrazer@bonelaw.com
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing document via ECF, on December 14, 2015 on:

Richard G. Sanders, Esq.
Aaron & Sanders, PLLC
11 Lea Ave., Suite 606
Nashville, TN 37210

David M. Lilenfeld, Esq.
Robin L. Gentry, Esq.
Lilenfeld PC
2970 Peachtree Road, N.W.
Suite 530
Atlanta, GA 30305

*/s/ Stephen J. Zralek*