IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NASON HOMES, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-01656 |
| | ) | Chief Judge Sharp |
| SINGLETARY CONSTRUCTION, LLC and | ) | Magistrate Knowles |
| BERT SINGLETARY, | ) | Jury Demand |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND**

After the Court granted Defendants' motion for summary judgment, Plaintiff filed a motion to substitute counsel. (Doc. 92, PID#945). Plaintiff's new counsel filed the present Rule 59(e) motion to alter or amend, which raises new legal arguments and which points to deposition testimony that Plaintiff's original counsel chose not to present in response to Defendants' motion for summary judgment. (Docs. 94-95).

Defendants oppose Plaintiff's motion to alter or amend for three primary reasons. First, the Court's January 29, 2016 decision to grant Defendants' motion for summary judgment is supported by the law and the record and is not a manifest error of law. Second, Plaintiff points to no newly discovered evidence. Finally, although nothing prevented Plaintiff's original counsel from raising the arguments that Plaintiff's new counsel now makes, Plaintiff's original counsel failed to do so at the time it responded to Defendants' motion for summary judgment; Plaintiff's new counsel seeks to raise new arguments now, for the first time, after dismissal of the lawsuit. Plaintiff's motion must be denied since Plaintiff has failed to meet its burden under Rule 59(e).

# PROCEDURAL HISTORY

The Court granted summary judgment to Defendants after examining all the materials filed by both parties, concluding that no genuine issue of material fact existed. After properly excluding the declaration of Stuart Beattie, which Plaintiff submitted in response to the motion for summary judgment and which the Court held contradicted his earlier deposition testimony, (Doc. 87, Mem. Op., PID#933, n.3), the Court held that "[a]ll the testimonial evidence suggests that there was never any copyright transfer in 2012." (Doc. 87, Mem. Op., PID#932). The Court quoted Mr. Beattie's deposition testimony that no oral or written agreement transferring ownership in the Alder from Mr. Helmick to Plaintiff existed prior to February 4, 2014 – two weeks *after* Plaintiff applied for copyright registration, on January 23, 2014:

> Q: You're not aware of any prior oral or written agreement between the parties, are you, regarding the Alder?
>
> A: Between Nason Homes and John Helmick?
>
> Q: That's right.
>
> A: No. I'm not aware.

Id. at PID#932-33. In addressing Plaintiff's remaining arguments, the Court held that any "understanding" on the part of architect John Helmick regarding the Alder as a work-made-for-hire was "immaterial" and that the course of conduct did not show a meeting of the minds sufficient to form a contract pursuant to Georgia law. Id. at PID#933-34. Without evidence of a prior oral agreement – which Plaintiff now concedes never took place – the backdated transfer agreement, alone, was insufficient to show an oral agreement prior to Plaintiff's application to register the Alder and, thus, Plaintiff was not the owner of the copyright at the time it applied for copyright registration.

The Court concluded that the policies and procedures of the Copyright Office were clear: where a claimant does not own the copyright, the Copyright Office "will refuse to register the work." Id. at PID#936 (citing Compendium of U.S. Copyright Office Practices § 404 (3d ed.)). Given that the record plainly shows that Helmick did not assign his rights prior to the February 4, 2014 agreement; that Plaintiff applied for registration on January 23, 2014, (Doc. 1-2, Copyright Registration, PID#14); and that Plaintiff failed to produce any evidence that it owned the copyright before that date, the Court concluded that "the information on the registration was false." (Doc. 87, Mem. Op., PID#936).

The Court did not end its analysis there, but also applied the framework of Section 411(b), concluding that it was "clear cut" that Plaintiff *knew* it did not own a copyright in the Alder and, further, that the Copyright Office would have denied Plaintiff's application had it known about the false information that Plaintiff supplied. Id. at PID#936-37. The Court held that the evidence in the record showed, and Plaintiff failed to produce evidence in response to the motion for summary judgment, that Plaintiff knew that it owned no copyright in the Alder at the time of registration. Id. Secondly, the Court held that, *according to the Copyright Office's own guidelines*, Plaintiff was neither the author of the work nor a copyright owner who owned all exclusive rights. Id. at 11. For that reason, the copyright office would have denied Plaintiff's copyright application without question. Id. In granting summary judgment, the Court quoted the Copyright Office's guidelines, which specifically state, "[e]xamples of situations where the Office will refuse to register a claim include . . . *[when t]he claimant named in the application is not a proper copyright claimant*." Id. (quoting Compendium § 608) (emphasis added).

Rejecting Plaintiff's argument that Advisors, Inc. v. Wiesen-Hart, Inc., 238 F.2d 706 (6th Cir. 1956) was controlling, the Court correctly distinguished it from the facts at hand after

{01362253.1 }                                3
Case 3:14-cv-01656   Document 100   Filed 03/22/16   Page 3 of 18 PageID #: 975

finding that Nason Homes' misrepresentations to the Copyright Office were not a matter of innocent mistake or clerical error, but, instead were "material misstatements that would have led the Copyright Office to reject the application." (Doc. 87, Mem. Op., PID#938).

Accordingly, this Court properly held that "Plaintiff failed to show that it owned a valid copyright in the Alder when it registered its copyright" and, for that reason, Plaintiff failed to meet an essential element of its claim for copyright infringement. Id. (citing Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010)).

## LEGAL STANDARD

In its motion to alter or amend, Plaintiff conveniently glosses over the legal standard under Rule 59(e) because it is so onerous for Plaintiff. (Doc. 95, Pl.'s Br., PID#951).

Rule 59(e) motions "typically are denied." Capital Confirmation, Inc. v. AuditConfirmations, LLC, No. 3:09-0412, 2009 WL 3673046, at *2-3 (M.D. Tenn. Nov. 2, 2009) (unpub'd). The movant has a "substantial burden" under Rule 59(e). Id. at *2. "[A] Rule 59(e) motion "may not be used to argue a new legal theory.'" Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 395 (6th Cir. 2007) (quoting FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Rather, a "motion under Rule 59(e) must either [1] clearly establish a *manifest error of law* or [2] must present *newly discovered evidence*." Id. (emphasis added).

"Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting Sault Ste. Marie Tribe v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). "The Rule 59(e) vehicle does not exist to provide the movant with a second opportunity to make its previous argument." Id. Moreover, the movant should not use a Rule 59(e) motion to raise or make arguments "which could, and

should, have been made before judgment issued." Capital Confirmation, 2009 WL 3673046, at *2-3; see also Roger Miller, 477 F.3d at 395 ("under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued"). A Rule 59(e) motion is "aimed at *re*consideration, not initial consideration." FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992) (emphasis added).

Here Plaintiff's motion should be denied because (a) Plaintiff has not clearly established a manifest error of law and (b) Plaintiff has not presented any newly discovered evidence. Instead, Plaintiff's new counsel presents new legal arguments, which is not allowed under Rule 59(e). Further, Plaintiff's new counsel points to portions of deposition transcripts that Plaintiff's prior counsel failed to raise in response to the motion for summary judgment. This is not newly discovered evidence, but rather merely evidence that Plaintiff's new counsel wishes had been presented by Plaintiff's original counsel.

## **LEGAL ARGUMENT**

While Plaintiff pays lip service to the language of Rule 59(e) by alleging that there has been a "clear error of law" that "creates a manifest injustice," Plaintiff's Motion to Alter or Amend is little more than an attempt to both re-argue summary judgment and assert new arguments that Plaintiff's original counsel chose not to assert. Plaintiff attempts to circumvent the limits of Rule 59(e) and fails to meet its heavy burden necessary to alter or amend the Court's judgment. Plaintiff points to no newly discovered evidence, only evidence that its prior counsel chose not to present and arguments it chose not to make.

The Court's application of the framework of 17 U.S.C. § 411 is supported by the law and the record in this case. Section 411(a) provides that "no civil action for infringement of the copyright in any . . . work shall be instituted until . . . registration of the copyright claim has been

{01362253.1 }                                5
Case 3:14-cv-01656   Document 100   Filed 03/22/16   Page 5 of 18 PageID #: 977

made in accordance with this title." 17 U.S.C. § 411(a). Section 411(a) must be read in conjunction with Section 411(b), as the Court did in granting summary judgment. Section 411(b) provides that a certificate meets the requirements of Section 411 even if it contains inaccurate information unless two conditions are met: (1) the inaccurate information was included with knowledge that it was inaccurate; and (2) the inaccuracy would have caused the Register to refuse the copyright.

>The Court correctly applied the framework of Section 411, stating:
>
> Based on the evidence, the information on the registration was false. . . . Thus, the inaccuracy raises two issues for the Court: (1) whether Plaintiff knew that it did not own a copyright to the Alder; and (2) whether the inaccuracy would have led the Copyright Office to deny Plaintiff's application.

(Doc. 87, Mem. Op, PID#936). The Court concluded: "Both issues are clear cut." Id.

## I. This Court Applied the Correct Standards of Law in Granting Summary Judgment and Holding That Plaintiff Knowingly Submitted False Information to the Copyright Office.

Plaintiff contends that this Court erred in ruling that Plaintiff "knew that it owned no copyright in the Alder in January 2014." (Doc. 95, Pl.'s Br., PID#953). First, Plaintiff argues that it was entitled to an inference of a *lack* of knowledge based upon (1) Helmick's use of the word "work-for-hire" in his Declaration and (2) the inclusion of the words "Nason Homes" in the margin of the plan. Plaintiff also contends that that there was a dispute of material fact with respect to Plaintiff's knowledge because Mr. Helmick separately assigned other plans to Plaintiff in April 2013. None of these points has merit.

Without citing any legal authority, Plaintiff asserts that the parties' use of a term should not be used to change their contractual intent when they did not understand the term. First, because this "argument" is undeveloped, it should be rejected outright. See McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997). Second, Plaintiff is rearguing points that the

Court already rejected at summary judgment. Setting aside the fact that the Copyright Act explicitly excludes architectural works from works for hire, Plaintiff is once again asking the Court to infer that Helmick's use of the term "work for hire" means that he and Plaintiff understood a transfer to have occurred. (Doc. 95, Pl.'s Br., PID#953-56). The Court already rejected this argument, finding that "Helmick's 'understanding' that the Alder was a work made for hire is immaterial." (Doc. 87, Mem. Op, PID#933). Under Rule 59(e), Plaintiff is not permitted to reargue this same point.

Further, this Court found that the information in the copyright registration was *false* and that the record before the Court clearly showed that Plaintiff knew the information to be false. Id. at PID#936. As for the notation on the plan, this argument was not raised below but nothing prevented Plaintiff's original counsel from raising it at the time it responded to the motion for summary judgment. *Based upon the standard of review alone*, this Court should disregard these arguments in their entirety under Rule 59(e). Nonetheless, Defendants substantively address each of Plaintiff's new points below.

### A. Plaintiff is Not Entitled to an Inference that it Lacked Knowledge Regarding the Material Misstatements Found in the Application to Register the Alder.

As correctly found by this Court, the evidence in the record is "clear cut" that Plaintiff knew it owned no copyright in the Alder in January 2014. (Doc. 87, Mem. Op. PID#936-37). None of the evidence pointed to by Plaintiff in its Motion to Alter or Amend indicates otherwise.

At summary judgment, the non-moving party is entitled to all *reasonable* inferences, not all possible inferences. An inference is a conclusion drawn by reason from facts established by proof. Hackworth v. Chesapeake & O. Ry. Co., 73 F. Supp. 348, 352 (E.D. Ky. 1946). Stated differently, an inference is a reasonable deduction and conclusion from proven facts. Cold Metal Process Co. v. McLouth Steel Corp., 126 F.2d 185, 188 (6th Cir. 1942).

Plaintiff's new counsel asserts that "the parties' actual use of that term ["work for hire"] only shows that the transferor (Helmick and Builders Plans Service, Inc.) and transferee (Nason Homes) and perhaps the authorized agent submitting Plaintiff's application for copyright registration [meaning Plaintiff's original attorney, David Lilenfeld[1]] did not understand the nuanced meaning and requisite of the term." (Doc. 95, Pl.'s Br., PID#953). This argument has no merit. First, "it is well settled that '[k]nowledge of facts learned by an attorney in the course of his [or her] employment will be imputed to his client . . . ." Allied Waste N. Am., Inc. v. Lewis, King, Krieg & Waldrop, P.C., 93 F. Supp. 3d 835, 849 (M.D. Tenn. 2015) (Sharp, J.). Further, "a person generally is held to know what his attorney knows and should communicate to him, and the fact that the attorney has not actually communicated his knowledge to the client is immaterial." Id. Second, with all due respect to Plaintiff's former counsel, it is no excuse that he "did not understand the nuanced meaning and requisite of the term 'work for hire.'" Rule 1.1 of the Rules of Professional Conduct governing lawyers licensed in Georgia, where Mr. Lilenfeld was admitted when he applied to register the Alder,[2] states:

> A lawyer shall provide competent representation to a client. Competent representation as used in this Rule means that a lawyer shall not handle a matter which the lawyer knows or should know to be beyond the lawyer's level of competence without associating another lawyer who the original lawyer reasonably believes to be competent to handle the matter in question. Competence requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

Ga. R. Bar R. 4-102, R. Prof. Conduct 1.1.

---

[1] Mr. Lilenfeld signed the application to register the Alder as Plaintiff's authorized agent. See Doc. 1-1, Copyright Application, PID#14.

[2] The January 23, 2014 application to register the Alder lists Mr. Lilenfeld's address as Atlanta, Georgia. (Doc. 1-1, Copyright Application, PID#14). Additionally, his August 14, 2014 motion to appear *pro hac vice* in this case states that he is admitted to practice in Georgia. (Doc. 5, Pro Hac Motion, PID#39).

Surprisingly, Plaintiff talks out of both sides of its mouth, asking the Court to forgive Plaintiff's alleged ignorance of the legal import of the term "work for hire" when convenient, yet simultaneously asking the Court to hold Helmick's feet to the fire when he uses the same term in his declaration.[3] (Doc. 73, Helmick Decl., PID#739). Helmick's use of the term "work for hire," by itself, does not establish that Helmick thought he was transferring his copyright ownership rights to Plaintiff under that legal doctrine. Plaintiff has pointed to no evidence that would entitle it to an inference that Helmick's use of the phrase "work for hire" meant that he understood he had transferred copyright ownership in the Alder to Plaintiff prior to the February 4, 2014 *nunc pro tunc* agreement.

Similarly, the fact that the name "Nason Homes" appears on the plans themselves does serve as a basis for inference that Plaintiff knew that Helmick transferred the copyright ownership in the plans prior to its registration of the copyright. Plaintiff has cited to no evidence that Helmick is the party that placed the words "Nason Homes" on the plans. Likewise, Plaintiff has not cited to any evidence that it relied upon the presence of these words as a basis for Plaintiff's alleged knowledge that it owned the copyright in the plans. Mere conjecture and speculation are insufficient to support an inference. Chappell v. GTE Products Corp., 803 F.2d 261, 268 (6th Cir. 1986). Having failed to produce specific facts in support of its new theories advanced for the first time in a motion to alter or amend, Plaintiff is not entitled to such an unreasonable and unsupported inference.

---

[3] Plaintiff asserts that Helmick's declaration was "prepared and edited in consultation with counsel for Defendants," (Doc. 95, Pl.'s Br., PID#954), but fails to cite to any evidence, leaving this as pure conjecture.

### B. Plaintiff Pointed to No Specific Facts at Summary Judgment that would Create an Issue of Material Fact with Respect to Plaintiff's Knowledge.

For the first time in its Motion to Alter or Amend, Plaintiff demands an inference in its favor that it knew that the copyright in the Alder was transferred under a *prior* written agreement that transferred copyright interests in other plans.

In support, Plaintiff relies solely upon (1) previously unsubmitted portions of the deposition of Stuart Beattie in which he testified that he's "not sure" why the copyright in the Alder was not transferred in the earlier agreement and (2) the pleadings in the companion case of Nason Homes v. Billy's Construction, Inc., No. 3:14-cv-0566. Plaintiff's argument in this section is characteristic of its attempts to play fast and loose with the Court.

In the first instance, the passage from Mr. Beattie's May 23, 2015 deposition quoted by Plaintiff and attached as an exhibit to its brief, (Doc. 95-1, PID#961), was clearly available to Plaintiff at the time it responded to the motion for summary judgment. Defendants filed their motion for summary judgment over five months later, on October 30, 2015. (Doc. 69, PID#584). To constitute "newly discovered evidence" under Rule 59, "the evidence must have been previously unavailable." GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Beattie's testimony was available throughout the summary judgment proceedings, yet Plaintiff's original counsel chose not to include these portions of his testimony until after the case was dismissed. Thus, Beattie's testimony is not "newly discovered evidence," and cannot serve as a basis for altering or amending the Court's judgment.

Even if it could be considered under Rule 59(e), Beattie's testimony that he is "not sure" why the copyright in the Alder was not transferred cannot serve as a basis for an inference of what Plaintiff *knew*. Beattie's statement indicates a lack of knowledge and the absence of evidence. Inferences require actual proof. Similarly, it cannot be used to claim there is an issue

of fact with respect to Plaintiff's knowledge. Testimony that a representative does *not* know why the copyright was not transferred cannot serve as a basis for claiming that the representative thought the copyright *was* transferred. Though all reasonable inferences must be drawn in favor of the nonmoving party when a court considers a motion for summary judgment, "[t]he nonmoving party is not entitled to a trial merely on the basis of allegations; significant probative evidence must be presented to support the [nonmovant's position]." United States v. Murphy, 937 F.2d 1032, 1040 (6th Cir. 1991) (citations omitted). Plaintiff's argument, in addition to being barred under the appropriate standard of review, flies in the face of reason.

Plaintiff failed to point to evidence in the record at summary judgment that it believed that the copyright in the Alder was transferred under any prior agreement. The pleadings from Billy's Construction to which Plaintiff cites are not evidence; they are arguments of counsel. "Statements, arguments, and remarks of counsel . . . are not evidence." Johnson v. Bell, 525 F.3d 466, 485 (6th Cir. 2008). Thus, these statements cannot serve as a factual basis for any inference in Plaintiff's favor.

In fact, these statements merely showcase the contradictory positions that Plaintiff has advanced in this Court. Plaintiff represented to this Court, as quoted in its brief, that, "[Nason Homes] promptly entered into a *nunc pro tunc* assignment on February 4, 2014, correcting any deficiency in the *earlier oral assignment*." (Doc. 95, Pl.'s Br., PID#956, n.5) (emphasis added). Beattie testified, however, that there was no prior oral agreement. (Doc. 87, Mem. Op., PID#932-33) (quoting Beattie depo.). Plaintiff now concedes this point in the present Motion, yet nevertheless quotes the above passage. Plaintiff has been willing to play "fast and loose with the court," throughout this litigation. See Thompson v. Bruister & Assoc., Inc., 3:07-00412, 2013 WL 4507734 (M.D. Tenn. Aug. 23, 2013) (unpublished) (Sharp, J.).

None of the bases advanced by Plaintiff constitutes actual proof which would entitle it to an inference in its favor under the applicable standards of law. Courts must decide whether the inferences a party asks to be drawn are too speculative to be reasonable, as they are here. See Rodriguez v. Stryker Corp., 680 F.3d 568, 573 (6th Cir. 2012). The bottom line is that Plaintiff failed to present any evidence, and the Court properly drew all reasonable inferences, that could have created a dispute of material fact precluding summary judgment.

## II. There are No Legitimate Open Questions that Require Submission to the Register of Copyrights.

Plaintiff contends that this Court erred in failing to refer, pursuant to Section 411(b)(2), the question of whether the Register of Copyrights would have refused the registration if it had known that Plaintiff was not the rightful owner of the copyright at the time the registration was submitted. At no time prior to its Motion to Alter or Amend did Plaintiff raise this issue or request that the question be submitted to the Register. Because it was not raised prior to dismissal, it is waived. See Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Moreover, Plaintiff does *not* argue that the Register would have reached a different result. As a matter of law and based upon the clearly outlined policies of the Register, the registration would unequivocally have been refused.

The case Plaintiff cites on page one of its brief, Brownstein v. Lindsay, 742 F.3d 55, 76-77 (3d Cir. 2014), actually supports Defendants' position that courts may invalidate copyright registrations. (Doc. 95, Pl.'s Br., PID#950). Six years after Congress amended 17 U.S.C. § 411 to add a new section (b), the Third Circuit rejected Plaintiff's argument that courts are incapable of declaring a copyright registration invalid. The Brownstein Court explained: "It [] goes without saying that courts are authorized to police copyright registrations through authorship claims and infringement claims. . . ." Brownstein v. Lindsay, 742 F.3d 55, 76-77 (3d Cir. 2014).

Acknowledging Section 411(b), id. at 75, n.14, the Third Circuit held that courts have no authority to *cancel* copyright registrations. Id. at 75. It noted, however, that in reaching that holding, "we are in no way holding that courts are incapable of *invalidating* underlying copyrights." Id. at 77 (emphasis added). Contrasting the acts of invalidating and canceling, the Third Circuit explained:

> Holding that federal courts have the authority to cancel registrations would essentially be declaring that the judicial branch has the authority to order a legislative branch agency that is not a party to the litigation to take an affirmative action. A federal court's finding that a copyright is invalid, on the other hand, is a determination of *ownership* which does not disturb the registration of a copyright.

Id. at 77; accord 5 Patry on Copyright § 17:108 ("[T]here is a difference between not being able to cancel a registration, and holding either that a registration is invalid or that a work is not copyrightable—the latter two being well within courts' powers.").

Section 410(d) of the Copyright Act provides still additional authority for Defendants' position that the Court has a duty to police copyright registrations and is capable of invalidating underlying copyrights. That section states: "The effective date of a copyright registration is the day on which an *application*, deposit, and fee, *which are later determined* by the Register of Copyrights or *by a court of competent jurisdiction to be acceptable for registration*, have all been received in the Copyright Office." 17 U.S.C. § 410(d) (emphasis added). Federal district courts have original jurisdiction over any civil action arising under the Copyright Act. See 28 U.S.C. § 1338(a). Section 410(d) empowers them to determine that an application is not acceptable for registration. As explained below, this District has interpreted Section 411(b) to require courts to refer matters to the Register only when questions of validity exist. Here, no open questions exist that require the Register's input.

Plaintiff oversimplifies the import of Schenck v. Orosz, 105 F. Supp. 3d 812 (2015), in arguing that the court must refer the question of invalidity in this case to the Register. In that

case, the defendants sought to refer numerous questions to the Register regarding the validity of the plaintiffs' copyright registrations where it was unclear how the Register would act. Id. at 818. These diverse questions included the intersection of the Second and Third Compendiums with respect to the Unit of Publication Rule, the impact of the non-disclosure of pre-existing works with respect to eleven of the plaintiffs' collections, the incorporation of previous publication dates, an incorrect publication date of one collection, and insufficient originality. Id. at 819-21.

The Schenck Court held that Section 411(b)(2) requires "referral of validity questions to the Register *under certain circumstances*." Id. at 817 (emphasis added). In determining the threshold inquiry for which questions must be referred to the Register, the Court noted that the Register, herself, requested that the district court not refer questions to the Register where the allegations are unsupported by the facts. Id. at 819. Likewise, the Register requested that an issue be referred where it depends on the interpretation or understanding of the Copyright Office's registration practices. Id. The intent, therefore, of the referral is to "eliminate guesswork by federal courts as to what the Register 'would have done.'" Id.

In the present case, there is no guesswork. Plaintiff admits in its Motion to Alter or Amend that it had no prior oral agreement with Helmick to transfer the copyright in the Alder. Thus, on the date that Plaintiff submitted the copyright registration in the Alder, Plaintiff had no ownership interest in the copyright. As a matter of law and pursuant to the Copyright Office's own guidelines, there is no question as to whether the registration would have been rejected—it would have been.[4]

---

[4] Moreover, it would be inappropriate, and Plaintiff has not even suggested otherwise, to refer Plaintiff's new arguments to the Copyright Register.

This Court correctly held:

> [T]he inaccuracy would have led the Copyright Office to deny Plaintiff's copyright registration. According to the Copyright Office's guidelines, "[t]he only parties who are eligible to be the copyright claimant are (i) the author of the work, or (ii) a copyright owner who owns all of the exclusive rights in the work." Compendium § 404. Plaintiff fit neither description: Helmick was the author of the Alder Plan and Plaintiff owned no copyright in the Alder Plan when he applied for registration. The registration would have been denied. Id. § 608 ("Examples of situations where the Office will refuse to register a claim include: . . . [when t]he claimant named in the application is not a proper copyright claimant.")
>
> Plaintiff did not own a copyright to the Alder on January 23, 2014, so it could not register for a copyright in the Alder. Without a valid copyright registration, its claim for infringement fails. See, e.g., Coles v. Wonder, 283 F.3d 789, 801 (6th Cir. 2002) ("[A] cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act.").

(Doc. 87, Mem. Op, PID#937).

Unlike Schenck, this case involves Plaintiff's own material misstatements concerning the ownership of the copyright, itself. Implicit in the Schenck Court's decision is that not all questions require referral, only those that depend on the interpretation of the Register's practices or those for which it is unclear how the Register would act. Here, no such interpretation is necessary. The attempt to register a copyright that one does not own would be refused by the Register as a matter of black letter law. 17 U.S.C. § 408(a); 37 C.F.R. § 202.3(c)(1); Kunkel v. Jasin, 420 F. App'x 198, 200 (3d Cir. 2011); Compendium Third § 404.

As stated above, Plaintiff does not contend that it is entitled to registration, given that it was not the owner at the time of application; that no oral or written transfer had occurred prior to application; and that Plaintiff knew these facts when it represented otherwise to the Copyright Office. Here, the Court has already answered all questions of fact. The only questions of law have already been answered, as found in the Copyright Act itself, the Copyright Office

Compendium, and case law. This Court has already properly decided all factual and legal issues, after examining all the evidence presented by both parties.

Finally, while a court itself may not cancel a registration, it is empowered to order a party to cancel its own registration. The Third Compendium states:

> ***Court Ordered Cancellation.*** Occasionally, the plaintiff(s) and/or defendant(s) in a copyright infringement lawsuit ask the court to issue an order directing a party to cancel his or her registration. When requesting this type of relief, litigants should ask the court to issue the order to the copyright claimant named in the certificate of registration or the claimant's duly authorized agent. In addition, litigants should ask the court to direct that party to cancel the registration using the procedure described in Section 1806.4(E) above.

Compendium § 1806.4(F) (3d ed.). In this case, the Court could order Plaintiff (as the copyright claimant) to cancel the registration of the Alder, according to the procedure set forth in Third Compendium § 1806.4(E).

### III. If the Court Refers Any Question to the Copyright Register, it Should Present the Following Issue and Information.

For the reasons explained above, there is no need to refer this case to the Register. If the Court disagrees, however, it should refer the following question and background:

> Would the Register have refused Nason Homes' application to register the Alder (an architectural work) had it been aware that (a) architect John Helmick was the author of the Alder;[5] (b) no written ownership transfer agreement from Mr. Helmick to Nason Homes existed at the time of application;[6] and (c) no prior oral transfer agreement from Mr. Helmick to Nason Homes existed at the time of application?[7]

Additionally, the Court should notify the Register that:

> At the time it applied to register the Alder, (a) Nason Homes identified itself as the copyright claimant;[8] (b) Nason Homes claimed that it owned the copyright "[b]y written agreement";[9] (c) Nason Homes "knew it owned no copyright in the

---

[5] Doc. 1-2, Certificate of Registration, PID#14.
[6] Doc. 87, Mem. Op., PID#932.
[7] Doc. 87, Mem. Op., PID#935.
[8] Doc. 1-2, Certificate of Registration, at PID#14, & Doc. 87, Mem. Op., PID#936.
[9] Doc. 1-2, Certificate of Registration, at PID#14, & Doc. 87, Mem. Op., PID#936.

Alder";[10] and (d) "the inaccuracies on Plaintiff's registration were not minor mistakes – they were material misstatements . . . ."[11]

## CONCLUSION

Even before Plaintiff lost summary judgment and changed counsel mid-course, Plaintiff asserted inconsistent positions. Now, through its new counsel, Plaintiff attempts to advance additional inconsistent positions, asking the Court to ignore the positions it took earlier. It is a generally recognized proposition, however, that "[o]ne cannot play fast and loose." Helderman v. Smolin, 179 S.W.3d 493, 501 (Tenn. Ct. App. 2005).

Plaintiff cannot point to any newly discovered evidence, rather just to evidence that Plaintiff's original counsel chose not to present, which is thereby waived. Nor can Plaintiff show a clear error of law. For the forgoing reasons, Plaintiff's motion should be denied.

Respectfully submitted,

*/s/ Stephen J. Zralek*
Stephen J. Zralek, BPR No. 18971
Mandy Strickland Floyd, BPR No. 31123
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6305
Facsimile: (615) 687-2763
szralek@bonelaw.com
mfloyd@bonelaw.com

*Attorneys for Defendants*

---

[10] Doc. 87, Mem. Op., PID#936.
[11] Doc. 87, Mem. Op., PID#938.

## CERTIFICATE OF SERVICE

       I hereby certify that on March 22, 2016, I served the foregoing document via ECF on the following counsel of record.

    Howell O'Rear, Esq.
    Seth M. McInteer, Esq.
    McInteer & O'Rear PLC
    2801 12th Avenue, South
    Nashville, TN 37204
    howell@mcolawfirm.com
    seth@mcolawfirm.com

                                        */s/ Stephen J. Zralek*